IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| QUEEN ESTHER MOORE §<br>§<br>  Plaintiff §<br>§<br>vs. §<br>§<br>KEVIN T. CLAYTON; CLAYTON HOMES, INC.; §<br>CMH HOMES, INC. D/B/A LUV HOMES; §<br>VANDERBILT MORTGAGE AND FINANCE, INC.§<br>AND S. JILL RASCO §<br>§<br>  Defendants § | CASE NO. 2:05 CV 132 |

## ORDER DENYING KEVIN CLAYTON'S RULE 12(b)(2) MOTION TO DISMISS AND ALTERNATIVE MOTION TO TRANSFER

Before the Court is Defendant Kevin T. Clayton's ("Defendant" or "Clayton") Rule 12(b)(2) Motion to Dismiss and Alternative Motion to Transfer Venue (Docket No. 12). Having considered the parties' written submissions, the Court **DENIES** the motions for the reasons set forth below.

### BACKGROUND

Plaintiff Queen Esther Moore ("Plaintiff" or "Moore") brings claims of fraud, racketeering, civil conspiracy, and negligence against Clayton and four other defendants, alleging that in October 2002, Defendants "forged [her signature on] a Deed of Trust and Builder's and Mechanic's Lien Contract that fraudulently conveyed an interest, lien, and/or ownership of land situated in Smith County, Texas to Defendants." Pl.'s Compl. at para. 12. Clayton's name appears on this deed of trust as the trustee.

Clayton now moves for dismissal, pursuant to Rule 12(b)(2) of the Federal Rules of Civil

1

Procedure, for lack of personal jurisdiction. Clayton moves in the alternative for transfer, pursuant to 28 U.S.C. §1406(a), to the Eastern District of Tennessee on the grounds that venue is improper in the Eastern District of Texas.

**MOTION TO DISMISS**

*Applicable Law*

For personal jurisdiction to exist, jurisdiction must exist under the state long arm statute and must be consistent with limitations of the due process clause. *See Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999). Because the Texas long arm statute is co-extensive with the limits of due process, the two inquiries collapse into the question of whether the Court's exercise of personal jurisdiction over a defendant comports with Constitutional due process. *See Langton v. Cbeyond Comm, LLC,* 282 F. Supp. 2d, 504, 508 (E.D. Tex. 2003)(Davis, J.). Thus, a defendant is subject to personal jurisdiction if it has "minimum contacts" with the forum and if exercise of jurisdiction over the nonresident does not offend traditional notions of "fair play and substantial justice." *Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 343 (5th Cir. 2004). The plaintiff holds the burden of establishing minimum contacts, but the defendant holds the burden of demonstrating the presence of other considerations that render the exercise of jurisdiction unreasonable. *See Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999).

Personal jurisdiction is either specific or general in nature. Specific jurisdiction exists when the cause of action arises out of, or relates to, the defendant's contact with the forum, even if those contacts are isolated and sporadic. *See Freudensprung,* 379 F.3d at 343. Specific jurisdiction "has taken a restrictive view between causes of action and contacts . . . requir[ing] virtually a direct link

between [the] claim and contacts." *Gorman v. Grand Casino Coushatta,* 1 F. Supp. 2d. 656, 658 (E.D. Tex. 1998)(Schell, J.). General jurisdiction arises when the defendant's contacts with the forum are "continuous and systematic," even if the cause of action bears little relation to the defendant's contacts with the forum. *See Freudensprung,* 379 F.3d at 343. When the Court rules on the existence of specific or general jurisdiction without an evidentiary hearing, the plaintiff carries his burden by presenting a prima facie case that personal jurisdiction is proper. *See Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir.1985).

Once a plaintiff shows sufficient minimum contacts to establish either specific or general jurisdiction, the defendant may still defeat jurisdiction by marshaling a compelling case against jurisdiction on the grounds that its exercise would be unreasonable or contrary to concepts of fair play and substantial justice. See *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 421 (5th Cir.1993). In weighing "this fundamental fairness issue we must examine: (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies." *Id.* Defeats of jurisdiction on the balance of these factors are limited to "the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1568 (Fed. Cir. 1994)(citing *Burger King v. Rudzewicz,* 471 U.S. 462, 477 (1985)).

*Analysis*

Plaintiff has presented evidence showing that Clayton was named as the trustee on a deed of trust for land in Smith County. Because the present dispute centers around that deed of trust, the Court concludes that specific jurisdiction is established in the Eastern District.

Clayton asserts that serving as a trustee is insufficient to establish jurisdiction since a trustee acts only in the event of property being foreclosed. In the present case, the property has not been foreclosed, so Clayton has apparently not acted as a trustee. However, it is of no moment that Clayton has yet to be called into an active trustee role. Such arguments may be relevant when determining Clayton's liability to Moore, but not when ruling on jurisdiction. When ruling on jurisdiction, the Court is concerned only with minimum contacts with the Eastern District of Texas, not with the viability of Moore's claim against Clayton. Clayton cannot deny that he was named trustee on a deed of trust for land in Smith County. As such, minimum contacts exist and specific jurisdiction is established.

Clayton has not shown why exercising jurisdiction would be unreasonable or unfair. This dispute centers around a deed of trust relating to land in Smith County. Clayton was knowingly listed as trustee on that deed. The Court has an interest in adjudicating this dispute, as the land underlying the deed is in the Eastern District and the claims are based in part on Texas law. The Court accordingly **DENIES** Clayton's motion to dismiss.

**MOTION TO TRANSFER**

Clayton seeks transfer to the Eastern District of Tennessee on the grounds that venue is improper in the Eastern District of Texas. *See* 28 U.S.C. § 1406(a). Venue may be established in

any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *See* 28 U.S.C. § 1391(b).  Because the claim is based on an allegedly fraudulent deed of trust for land in Smith County, the Eastern District of Texas has a substantial connection to the case.  The Court thus concludes that venue is proper and **DENIES** Clayton's motion to dismiss.

## CONCLUSION

Having concluded that Clayton is subject to specific jurisdiction, the Court **DENIES** Clayton's motion to dismiss for lack of personal jurisdiction.  Having concluded that venue is proper in the Eastern District of Texas, the Court **DENIES** the motion to transfer for improper venue.

**So ORDERED and SIGNED this 15th day of June, 2005.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**